IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRIDGETTE S. GANDY**                                                        **PLAINTIFFS**

**VS**                                             **CIVIL ACTION NO.** 4:18-CV-130-DMB-JMV

**MARS FOOD US, LLC and JOHN DOES 1-V**                      **DEFENDANTS**

**COMPLAINT**
**TRIAL BY JURY**

COMES NOW Plaintiff, Bridgette S. Gandy by and through her attorney, for her Complaint allege, upon knowledge as to herself and otherwise upon information and belief, a follows:

**I.    PRELIMINARY STATEMENT**

**1.**

This action is also brought pursuant to 42 U.S.C. § 2000et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for unlawful race and sex discrimination and retaliation.

**2.**

This is an action to recover actual, nominal, compensatory and punitive damages for race and sex discrimination, and additionally, Plaintiff seeks actual, nominal and punitive damages because of the retaliatory action taken against her because she exercised her rights under Title VII.

**3.**

Aside from the damages stated in Paragraph 2, Plaintiff seeks the cost of litigation, including reasonable attorney fees.

## II. JURISDICTION

**4.**

This Court has jurisdiction over this action pursuant to VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e -17, (race, color, gender, religion, national origin); 28 U.S.C. §§ 1331 and 1343(3)(4), which confers original jurisdiction on federal district courts to redress the deprivation of rights, privileges and immunities as stated herein. It also has federal questions jurisdiction pursuant to 28 U.S.C. § 1331.

**5.**

This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

**6.**

Venue is proper in the United States District Court for the Northern District of Mississippi, Greenville Division, pursuant to 28 U.S.C. § 1391(b), because the claims arise in Washington County, Mississippi.

## IV. IDENTIFICATION OF PARTIES

**7.**

Plaintiff Bridgette S. Gandy, of 844 Adams Drive, Greenville, Mississippi 38703.

**8.**

Defendant Mars Food US, LLC is a Non-resident Corporation, with its principal place of business being located at 2001 E Cashdan Street, Rancho Dominguez, CA 90220 Food is doing business in the State of Mississippi at its manufacturing Plant located at 1098 North Broadway Street, Greenville, MS 38701. Defendant is an employer within the meaning of Title VII, and can

be served with process by and through its agent for service of process CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## V. STATEMENT OF FACTS

**9.**

On or about August 10, 2017, Plaintiff was informed that her employment with Defendant was being terminated because, as alleged by Defendant, Plaintiff's "pattern of misleading those with whom she works" and "failure to follow Company Policy/Practice."

**10.**

Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging therein, discrimination relation to her race and gender, and retaliation, has received the right to sue letter dated March 21, 2018, attached hereto as Exhibit "A"

**11.**

Plaintiff was employed by Defendants for two and one half (2 ½) years as Health Safety and Environmental Manager at Defendant's Greenville, Mississippi Plant.

**12.**

Plaintiff's primary duty was to manage and lead company-wide safety, environment and security programs for the Greenville, Mississippi facility.

**13**.

As further discussed in this Complaint, the termination of Plaintiff's employment was because of her gender and race in violation of her rights under Title VII.

**14.**

Plaintiff was a member of the class of females protected by civil right laws referenced herein.

**15.**

Plaintiff has been the victim of disparate treatment on the basis of her race and gender.

**16.**

Plaintiff further has been the victim of unlawful retaliation and reprisal for reporting.

**17.**

Until her discharge, Ms. Gandy's performance as a Health Safety Environmental Manager had been satisfactory.

**18.**

Plaintiff filed a grievance with Defendant in February 2017, following an unwarranted suspension.

**19.**

In her grievance of February 2017, she raised the issue of her disparate treatment by her supervisors the response she received from her supervisor was that she should not complain or file grievances concerning the matters addressed in her grievance. Management's response in admonishing her for pursuing her grievance because of her gender, class, and race. Thereafter, the Defendant retaliated against the Plaintiff for the exercise of her rights as an employee of Mars Foods and because of her race and gender by manufacturing and creating a litany of complaints concerning her work, resulting in the Defendant's pretextual charges against her as an employee, resulting in her dismissal from employment on August 10, 2017.

### VI. NOTICE OF RIGHT TO SUE

**20.**

On or about August 11, 2017, Plaintiff filed a charge of race and sex discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC), Charge No. 423-2017-

02363. All allegations contained in these charges are hereby incorporated in this Complaint by reference. Plaintiff thereafter received a Notice of Right to Sue from the EEOC dated March 21, 2018. This lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue.

## VII. SEX DISCRIMINATION

### TITLE VII

**21.**

Plaintiff realleges each and every matter contained in the previous paragraphs o this Complaint and further states and alleges as follows:

**22.**

Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant on the basis of her sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

**23.**

Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of respondent's violation of her civil rights as alleged herein. Plaintiff is reasonable certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. § 1981a, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

## VIII. UNLAWFUL RETALIATION

### TITILE VII

**24.**

Plaintiff realleges each and every matter contained in the previous paragraphs of the Complaint and further states and alleges as follows:

**25.**

Defendant committed unlawful employment practices when it retaliated against Plaintiff for her efforts to oppose practices reasonably believed to be prohibited by Title VII, in violation of Title VII, 42 U.S.C. § 2000e-3(a).

**26.**

Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. § 1981a, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

## IX. JURY TRIAL DEMANDED

**27.**

Plaintiff demands a jury trial on all issues and claims triable by jury.

## X. DISREGARD OF RIGHTS AND SAFETY

**28.**

The violations of law complained of herein were made in both deliberate disregard and reckless indifference for the rights and safety of plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor against defendant as follows:

1. Awarding plaintiff compensatory damages on the in excess of $5,000,000.00 on all counts.

2. Awarding punitive damages as provided by statue on plaintiff's Title VII claims;

3. Awarding interest, costs, disbursements and attorneys' fees; and

3. Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 20th day of June, 2018.

**BRIDGETTE S. GANDY** PLAINTIFF

BY: */s/ Edward Blackmon, Jr.,*
EDWARD BLACKMON, JR., MSB #3354
***Attorney for Plaintiffs***

OF COUNSEL:

Bradford J. Blackmon, Esq.
Marcus A. Williams, Esq.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311