## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

| | | |
|---|---|---|
| **BRIDGETTE S. GANDY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **CIVIL ACTION NO.** |
| | : | **4:18-CV-130-DMB-JMV** |
| | : | |
| **MARS FOOD US, LLC and** | : | |
| **JOHN DOES 1-V** | : | |
| **Defendants.** | : | |

### ANSWER TO COMPLAINT

Defendant Mars Food US, LLC., by and through its undersigned attorneys, answers the Complaint as follows:

### I.   PRELIMINARY STATEMENT

1.

Admitted in part, denied in part.   Admitted upon information and belief, that Plaintiff is bringing forth this action pursuant to 42 U.S.C. § 2000et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.   The allegations that Plaintiff was subject to unlawful race and sex discrimination and retaliation are conclusions of law to which no response is required.   To the extent that a response is required, said allegations are denied.

2.

Admitted in part, denied in part.   Admitted upon information and belief, that Plaintiff's action is to recover actual, nominal, compensatory, and punitive damages and that Plaintiff seeks actual, nominal and punitive damages.   The allegations that Defendant engaged in sex or race

1

discrimination are conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied. The allegation that Defendant engaged in retaliatory action against Plaintiff because she allegedly exercised her rights under Title VII is a conclusion of law, to which no response is required. To the extent that a response is required, said allegation is denied.

3.

Admitted upon information and belief, that aside from the damages stated in Paragraph 2, Plaintiff seeks the costs of litigation, including reasonable attorney fees.

## II. JURISDICTION

4.

Admitted.

5.

Admitted.

## III. VENUE

6.

Admitted.

## IV. IDENTIFICATION OF PARTIES

7.

Admitted upon information and belief.

8.

Admitted in part, denied in part. Admitted that Defendant Mars Food US, LLC is a Non-resident Corporation. Denied that Mars Food US, LLC has its principal place of business at

2

2001 E Cashdan Street, Rancho Dominguez, CA 90220.  By way of further response, Mars Food US, LLC's principal place of business is located at 1131 W. Blackhawk Street, Chicago, IL 60642.  Admitted that Food is doing business in the state of Mississippi at its manufacturing Plant located at 1098 North Broadway Street, Greenville, MS 38701.  Whether Defendant is an employer within the meaning of Title VII is a conclusion of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Admitted that Defendant can be served with process by and through its agent for service of process CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## V.    STATEMENT OF FACTS

9.

Admitted in part, denied in part.  Admitted that on or about August 10, 2017, Plaintiff was informed that her employment with Defendant was being terminated.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 9, therefore said allegations are denied.

10.

Admitted in part, denied in part.  Admitted that Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging therein, discrimination in relation to her race and gender, as well as retaliation.  After reasonable investigation, Defendant denies having knowledge sufficient to answer whether Plaintiff received a right to sue letter dated March 21, 2018, therefore said allegation is denied.  Denied that a right to sue letter was attached as Exhibit A to Plaintiff's Complaint.

11.

Admitted in part, denied in part. Admitted that Plaintiff was employed by Defendant Mars Food as a Health Safety and Environmental Manager at Defendant's Greenville, Mississippi Plant. Admitted that Plaintiff was employed by Defendant for approximately two and one half (2 ½) years.

12.

Admitted in part, denied in part. Admitted that Plaintiff's primary duty was to manage and lead safety, environment and security programs for the Greenville, Mississippi facility. Denied that Plaintiff's duties were company-wide. By way of further response, Plaintiff's responsibility was for the Greenville, Mississippi facility.

13.

Denied. The allegations set forth in Paragraph 13 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

14.

Admitted.

15.

Denied. The allegations set forth in Paragraph 15 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

16.

Denied. The allegations set forth in Paragraph 16 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

17.

Denied. By way of further response, Plaintiff's performance had not met expectations and she had received disciplinary action.

18.

Admitted in part, denied in part. Admitted that Plaintiff was suspended in February 2017. Denied that the suspension was unwarranted. After reasonable investigation, Defendant denies having knowledge sufficient to answer whether Plaintiff filed a grievance, therefore said allegation is denied.

19.

Admitted in part, denied in part. After reasonable investigation, Defendant denies having knowledge sufficient to answer whether Plaintiff filed a grievance or what any alleged response was from her supervisor, therefore said allegations are denied. Denied that Defendant manufactured or created a litany or any complaints concerning Plaintiff's work. Admitted that Plaintiff was discharged from employment on August 10, 2017. The allegations of disparate treatment, that Defendant allegedly retaliated against Plaintiff for the exercise of her rights or because of her race and gender, or that Defendant made pretextual charges against her as an employee, are conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

## V. NOTICE OF RIGHT TO SUE

20.

Admitted in part, denied in part. Admitted that on or about August 11, 2017, Plaintiff filed a charge of race and sex discrimination and retaliation with the Equal Employment

Opportunity Commission (EEOC), Charge No. 423-2017-02363. After reasonable investigation, Defendant denies having knowledge sufficient to answer whether Plaintiff received a Right to Sue from the EEOC dated March 21, 2018, therefore said allegation is denied. After reasonable investigation, Defendant denies having knowledge sufficient to answer whether this lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue, therefore said allegation is denied. The remaining allegations in Paragraph 20 do not require a response. To the extent the remaining allegations require a response, said allegations are denied.

### VII.  SEX DISCRIMINATION
### TITLE VII

21.

Defendant hereby incorporates its responses to Paragraphs 1 through 20 of this Answer to Plaintiff's Complaint as if fully set forth herein.

22.

Denied. The allegations set forth in Paragraph 22 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

23.

Denied. The allegations set forth in Paragraph 23 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs, and interest to the extent allowable under federal law.

## VIII. <u>UNLAWFUL RETALIATION</u>

### TITLE VII

24.

Defendant hereby incorporates its responses to Paragraphs 1 through 23 of this Answer to Plaintiff's Complaint as if fully set forth herein.

25.

Denied. The allegations set forth in Paragraph 25 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

26.

Denied. The allegations set forth in Paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs, and interest to the extent allowable under federal law.

## IX. <u>JURY TRIAL DEMANDED</u>

27.

Defendant acknowledges that Plaintiff has demanded a jury trial on all issues and claims triable by jury.

## X. <u>DISREGARD OF RIGHTS AND SAFETY</u>

28.

Denied. The allegations that the violations complained of were made in deliberate disregarding and reckless indifference for the rights and safety of plaintiff constitute conclusions

of law to which no response is required. To the extent that a response is required, said allegations are denied.

1. Denied that Plaintiff should be awarded compensatory damages in any amount on any count.

2. Denied that Plaintiff should be awarded any punitive damages with respect to her Title VII claims.

3. Denied that Plaintiff should be awarded interest, costs, disbursements or attorneys' fees.

4. Denied that Plaintiff should be awarded any such other and further relief.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs, and interest to the extent allowable under federal law.

## AFFIRMATIVE DEFENSES

1. Defendant hereby incorporates its answer to each and every above paragraph by reference as if fully set forth herein.

2. The Plaintiff has failed to state a claim for which relief can be granted.

3. Plaintiff's claims are barred by the Doctrine of Latches.

4. Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

5. Plaintiff failed to follow Company personnel policies.

6. All actions taken by Defendant were consistent with Defendant's policies and procedures and were not based on any discriminatory and/or retaliatory considerations. The Company had legitimate non-discriminatory reasons for all actions taken with regarding to

Plaintiff.

7. Plaintiff failed to timely report any alleged violations to People & Organization to provide Defendant with an opportunity to investigate the allegations and, if found to be true, address any violations.

8. Mixed motive defense. Without admitting that any improper motive played a role, Defendant would have made the same decision even if it had not allowed the alleged improper motive to play a role. Defendant terminated Plaintiff after continued conversations regarding her performance/conduct and would have terminated her even if any alleged improper motive did play a role, which Defendant denies.

9. Defendant treated Plaintiff the same as similarly-situated employees.

10. Plaintiff's claims are barred in whole or in part by waiver and estoppel.

11. Any violation, which Defendant denies, was not willful or intentional, and in fact was in good faith.

12. The Complaint and each purported cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to an award of general damages, special damages, punitive damages, statutory penalties, interests or attorneys' fees and costs.

WHEREFORE, Defendant, Mars Food, hereby requests that this Honorable Court enter judgment on its behalf, dismissing Plaintiff, Bridgette Gandy's claims with prejudice.

Dated: July 17, 2018            Respectfully Submitted,

/s/Andrew N. Alexander, III
Andrew N. Alexander, III,
MSB #1310
Lake Tindall, LLP
127 South Poplar Street
Greenville, MS 38701
Telephone: 662-378-2121
Fax: 662-378-2183
Email: aalexander@ltindall.com

*Pro Hac Vice Counsel (Pending Pro Hac Admittance)*
*Kimberly J. Overbaugh, Esq.*
PA #85610
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Telephone: 717-291-2236
Fax: 717-291-5739
Email: koverbaugh@h-dlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018 the foregoing Answer to Complaint was filed electronically through the Electronic Case Filing System of the United States District Court for the Northern District of Mississippi, which will send electronic Notice of such filing to the following:

>Edward Blackmon, Jr. Esq.
>Blackmon & Blackmon PLLC
>907 West Peace Street
>P.O. Box 105
>Canton, MS 39046

>/s/Andrew N. Alexander, III
>Andrew N. Alexander, III, MSB #1310
>Lake Tindall, LLP
>127 South Poplar Street
>Greenville, MS 38701
>Telephone: 662-378-2121
>Fax: 662-378-2183
>Email: aalexander@ltindall.com